GREGORY P. WONG (SBN: 204502)
greg@barklawfirm.com
TIARA I. GOSE (SBN: 323823)
tiara@barklawfirm.com
**BARKHORDARIAN LAW FIRM, PLC**
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: (323) 450-2777

**Attorneys for Plaintiffs**
**Daniel Negrete, Brandon Saunders, and Gordon Elliot Wallace**

[Additional Counsel Listed on Following Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| DANIEL NEGRETE; BRANDON SAUNDERS; and GORDON ELLIOT WALLACE,<br><br>Plaintiffs,<br><br>vs.<br><br>TRADENET ENTERPRISE, INC. d/b/a VANTAGE LED, a California Corporation; INSPERITY PEO SERVICES, L.P., a Foreign Limited Partnership; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Compensation (California Labor Code Section 510, and 1194(a) and 1198);**<br><br>2. **Failure to Pay Minimum Wages (California Labor Code Sections 1194(a) and 1197);**<br><br>3. **Failure to Provide Accurate, Itemized Wage Statements (Cal. Labor Code Section 226);**<br><br>4. **Waiting Time Penalties (Cal. Labor Code Section 203);**<br><br>5. **Failure to Reimburse Business Expenses (Cal. Labor Code Section 2802);**<br><br>6. **Failure to Provide Meal Periods (California Labor Code Sections 226.7 and 512(a));**<br><br>7. **Failure to Provide Rest Breaks (Cal. Labor Code Section 226.7;**<br><br>8. **Unfair Business Practice (CA Business & Professions Code Section 17200, et seq.)** |

1
COMPLAINT

[Additional Counsel for Plaintiffs]

**SANDEEP J. SHAH (SBN: 210449)**
**SHAW LAW GROUP**
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: (310) 714-6880
Facsimile: (844) 503-8202
Email: Sandeep@theshahlawgroup.com

**Attorneys for Plaintiffs**
**Daniele Negrete, Brandon Saunders,**
**and Gordon Elliot Wallace**

Plaintiffs Daniele Negrete (hereinafter "Negrete" or "Plaintiff Negrete"), Brandon Saunders (hereinafter "Saunders" or "Plaintiff Saunders"), and Gordon Elliot Wallace (hereinafter "Wallace" or "Plaintiff Wallace") (hereinafter collectively referred to as "Plaintiffs") allege and state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and the matters alleged herein pursuant to the following statutes: (a) Diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a); and (b) Supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

2. Plaintiff Negrete is, an individual residing in the City of Laguna Nigel, State of California.

3. Plaintiff Saunders is an individual residing in the City of West Covina, State of California.

4. Plaintiff Wallace, at all times relevant herein, was, and is, an individual residing in the City of Hesperia, State of California.

5. Plaintiffs are informed and believe, and based thereon allege, that DEFENDANT TRADENET ENTERPRISE, INC. d/b/a VANTAGE LED ("Tradenet" or "Defendant Tradenet") is a California Corporation, with principal business and executive offices at 1580 Magnolia Avenue, Corona, California 92879.

6. Plaintiffs are informed and believe, and based thereon allege, that DEFENDANT INSPERITY PEO SERVICES L.P., ("Insperity" or "Defendant Insperity") is a Delaware Limited Partnership with Principal Executive Offices at 19001 Crescent Springs Drive, Kingwood, Texas 77339.

7. The amount in controversy, as demanded by Plaintiffs, exceeds the sum or value of $75,000.00 and will be established according to proof at trial.

8. This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a citizen of California, has sufficient minimum

contracts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice. These contacts include residing in California, conducting business activities in California, recruiting Plaintiffs to work for Defendants in California, and managing Plaintiffs' employment and work performed by Plaintiffs in California.

9. Venue is proper in this Court, because, upon information and belief, one or more of the named Defendants resides, transacts business or has offices in this county and the acts or omissions that gave rise to this Complaint occurred in this judicial district. Specifically, Defendant Tradenet's principal place of business is in Corona, California and Plaintiffs were employed by Defendants in Ontario, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiffs are informed and believe, and based thereon allege, that Defendant Tradenet does business as Vantage LED and touts itself as "A Kick Ass Design House Helping People Make An Impact." In less colorful terms, Defendant Tradenet designs custom LED Billboard solutions for a wide range of industries and institutions in the retail, education, religious, government, and medical markets.

11. Plaintiffs are informed and believe, and based thereon allege, that Defendant Insperity, is a professional employment organization that provided employment and personnel services to Defendant Tradenet in connection with Plaintiffs' employment. Upon hiring, all Plaintiffs signed Employment Agreements provided by Defendant Insperity that stated a "co-employment" relationship existed between Defendants under which Defendant Insperity would "handle certain administrative responsibilities concerning [Plaintiffs'] employment at [Tradenet] primarily related to payroll, human resources and benefits administration." Plaintiffs are informed and believe, and based thereon allege, that Defendant Insperity's role as a co-employer was not limited to simply payroll processing

functions but included human resources and policy administration that resulted in the harms alleged herein.

12. Defendants hired Plaintiffs to work as Software Developers on or about June 2016 (Plaintiff Saunders), June 2017 (Plaintiff Wallace), and April 2018 (Plaintiff Negrete).

13. All Plaintiffs were paid on an hourly basis at all times during their employment.

14. Despite receiving no more than forty hours of straight-time wages paid at their base/regular rate of pay, Plaintiffs regularly worked in excess of 60 hours per week. Plaintiffs are informed and believe, and based thereon allege, that Defendants did not compensate Plaintiffs for overtime hours worked.

15. Plaintiffs allege herein that they were not provided with meal periods (including but not limited to second meal periods when working in excess of ten (10) hours) or suffered and permitted to take rest breaks, as required under California Law.

16. Plaintiffs allege herein that they did not receive accurate and complete wage statements, as Defendants willfully underreported the hours worked by Plaintiffs and failed to accurately state the correct rates of pay and wages earned by Plaintiffs.

17. Throughout Plaintiffs' employment, they were required to have access to an e-mail account and accept business calls and text messages. Plaintiffs were not given an allowance, nor reimbursed, for using their personal cell phones to conduct business on behalf of Defendants.

18. Plaintiffs are informed and believe, and based thereon allege, that Defendants were making unauthorized deductions from their wages for room and board.

19. Plaintiffs are no longer employed by Defendants and were not paid all wages earned at the time of their separation from employment.

# FIRST CAUSE OF ACTION

## Violation of California Labor Code Sections 510, 1194(a), and 1198

## Failure to Pay Overtime/Double Time Wages

## (Against all Defendants)

20. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

21. California Labor Code section 510 requires an employer to compensate its employees at a rate of no less than one and one-half (1.5) times their regular rate of pay for any work: in excess of eight (8) hours in one (1) workday, in excess of forty (40) hours in any one (1) workweek, and during the first eight (8) hours worked on the seventh (7th) day of work in any one (1) workweek.

22. California Labor Code section 510 requires an employer to compensate its employees at a rate of no less than two (2) times their regular rate of pay for any work: in excess of twelve (12) hours in one (1) workday, and in excess of eight (8) hours on the seventh (7th) day of work in any one (1) workweek.

23. At all times relevant herein, Plaintiffs worked hours in excess of eight (8) hours in one (1) workday, in excess of forty (40) hours in any one (1) workweek, and/or during the first eight (8) hours worked on the seventh (7th) day of work in any one (1) workweek, without receiving compensation at a rate of no less than one and one-half (1.5) times their regular rate of pay.

24. At all times relevant herein, Plaintiffs worked hours in excess of twelve (12) hours in one (1) workday and in excess of eight (8) hours on the seventh (7th) day of work in any one (1) workweek, without receiving compensation at a rate of no less than two (2) times their regular rate of pay.

25. Defendants acted intentionally, oppressively, and maliciously toward Plaintiffs, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing

4
COMPLAINT

them injury.

26. As a proximate cause of the aforementioned violations, Plaintiffs have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Plaintiffs are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code section 558, plus interest, and reasonable attorneys' fees and costs of suit according to California Labor Code section 1194, et seq.

## SECOND CAUSE OF ACTION

**Violation of California Labor Code Sections 1194(a) and 1197**

**Failure to Pay Minimum Wages**

**(Against all Defendants)**

27. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

28. California Labor Code section 1194 authorizes employees who received less than the legal minimum wage to recover the unpaid balance of minimum wages owed, interest, reasonable attorney's fees, and costs of suit.

29. At all times relevant to this action, Defendants failed to pay at least the applicable minimum wage for all hours worked as a result of Defendants' practices of paying Plaintiffs a flat rate of $450 each per month despite working well over eight hours per day.

30. Defendants acted intentionally, oppressively, and maliciously toward Plaintiffs, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

31. As a proximate cause of the aforementioned violations, Plaintiffs have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Plaintiffs are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to

California Labor Code sections 558 and 1197.1(a)(1–2), liquidated damages pursuant to California Labor Code section 1194.2(a), plus interest, and reasonable attorneys' fees and costs of suit according to California Labor Code section 1194, et seq.

### THIRD CAUSE OF ACTION

### Violation of California Labor Code Section 226(a)

### Failure to Provide Accurate, Itemized Wage Statements

### (Against all Defendants)

32. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

33. California Labor Code section 226(a) provides that every employer shall, semi-monthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing gross wages earned.

34. Plaintiffs are informed and believe, and based thereon allege, that throughout the relevant time period, Defendants repeatedly failed to furnish Plaintiffs with accurate, itemized wage statements in writing showing all hours worked, all wages earned, and applicable rates of pay.

35. As a result of Defendants' conduct, Plaintiffs have been damaged and are entitled to recover the greater of actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, in an amount to be determined at trial.

36. In addition, as a direct result of the conduct of Defendants, and each of them, as set forth above, Plaintiffs were forced to incur substantial attorney's fees and costs which are recoverable under California Labor Code section 226(e) in an amount to be determined at trial.

# FOURTH CAUSE OF ACTION

## Violation of California Labor Code Section 203

## Waiting Time Penalties

## (Against all Defendants)

37. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

38. Plaintiffs are informed and believe and based thereon allege that California *Labor Code* Section 203, 210 and 510 were in full force and effect, and binding upon Defendants throughout the course of their employment.

39. At all times relevant, Plaintiffs were employees of Defendants.

40. Plaintiffs voluntarily ended their employment on or around September 2018 (Plaintiff Negrete) and July 2018 (Plaintiff Saunders and Plaintiff Wallace).

41. Plaintiffs were not provided all wages owed to them by Defendants at the time of termination as required pursuant to California Labor Code section 202.

42. California *Labor Code* sections 218 and 1194 establish an employee's right to recover unpaid wages, including overtime compensation, interest thereon, together with the costs of suit, and attorney's fees.

43. As a result of Defendants' failure to pay Plaintiffs waiting time penalties, Plaintiffs have been harmed in that they have been deprived of all wages due and owing to them.

44. As a result of the unlawful acts of Defendants, Plaintiffs are entitled to recovery of such unpaid wage amounts, penalties, plus interest and penalties thereon, attorney's fees and costs, pursuant to *Labor Code* sections 203, 218.5, 218.6 and 1194.

//

//

//

//

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code Section 2802

### Failure to Reimburse Business Expenses

### (Against all Defendants)

45. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

46. California Labor Code section 2802 requires employers to indemnify employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

47. Plaintiffs incurred expenses for business calls, text messages, and e-mails on behalf of Defendants. Plaintiffs were not given an allowance for using their personal cell phones to conduct business on behalf of Defendants.

48. Defendants have failed to indemnify or reimburse Plaintiffs for all expenses alleged herein. Plaintiffs are entitled to recover from Defendants restitution equal to all unreimbursed expenses during the relevant time period, as well as reasonable costs, including, but not limited to, attorneys' fees, that were incurred enforcing their rights to reimbursement pursuant to California Labor Code section 2802.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code Sections 226.7 and 512(a)

### Failure to Provide Meal Periods (Against all Defendants)

49. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

50. At all times relevant herein, the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs.

51. At all times set forth herein, California Labor Code section 226.7 provided and provides that no employer shall require an employee to work during any lawfully mandated meal period.

52. At all times set forth herein, California Labor Code section 512(a) provided and provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

53. At all times set forth herein, California Labor Code section 512(a) further provided and provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee, only if the first meal period was not waived.

54. At all times relevant herein, Plaintiffs worked more than five (5) hours in a workday.

55. At all times relevant herein, Plaintiffs worked more than ten (10) hours in a workday.

56. Defendants failed to provide Plaintiffs with uninterrupted, work-free, thirty (30) minute meal periods for shifts in excess of five (5) hours worked per day and failed to compensate employees for missed initial meal periods as required by law.

57. Defendants failed to provide Plaintiffs with a second uninterrupted, work-free, thirty (30) minute meal period for shifts in excess of ten (10) hours worked per day and failed to compensate them for missed subsequent meal periods as required by law.

58. During the relevant time period, Defendants willfully required Plaintiffs to work during meal periods and failed to compensate Plaintiffs for work performed during meal periods.

59. During the relevant time period, Defendants failed to pay Plaintiffs the full meal period premium due pursuant to California Labor Code Section 226.7.

60. Defendants' conduct violates California Labor Code sections 226.7 and 512(a).

61. Pursuant to California Labor Code Section 226.7, Plaintiffs are entitled to recover from Defendants one (1) additional hour of pay at the employees' regular hourly rate of compensation for each workday that the meal period was not provided.

62. As a proximate cause of the aforementioned violations, Plaintiffs have been damaged in an amount to be determined at trial, but in an amount in excess of the jurisdiction of this Court.

63. As a proximate cause of the aforementioned violations, Plaintiffs have been damaged in an amount to be determined at trial, but in an amount in excess of the jurisdiction of this Court.  Plaintiffs are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code sections 226.7 and 558, plus interest.

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code Section 226.7

### Failure to Provide Rest Breaks  (Against all Defendants)

64. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

65. At all times relevant herein, the applicable IWC Wage Order and California Labor Code section 226.7 was applicable to Plaintiff.

66. At all times set forth herein, California Labor Code section 226.7 provided and provides that employers may not require their employees to work during a legally mandated rest period.

67. At all times set forth herein, the applicable IWC Wage Order required and requires every employer subject to the Wage Orders to authorize and permit rest periods at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

68. California Labor Code section 226.7 further provides that if an employer fails to provide an employee with a legally mandated rest period, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

69. At all times relevant herein, Plaintiff has regularly worked shifts of a length of four (4) hours or a major fraction thereof or longer.

70. Defendant failed to authorize and permit Plaintiff to take rest periods as required by law.

71. During the relevant time period, Defendant failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code section 226.7.

72. Defendant's conduct violates California Labor Code section 226.7.

73. Pursuant to California Labor Code section 226.7, Plaintiff is entitled to recover from Defendant one (1) additional hour of pay at the employees' regular hourly rate of compensation for each workday that a rest period was not provided.

74. As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount to be determined at trial, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code sections 226.7 and 558, plus interest.

//

//

# EIGHTH CAUSE OF ACTION

## Violation of California Business and Professions Code Section 17200

## Unlawful Business Practices

### (Against all Defendants)

75. Plaintiffs refer to and incorporate herein by reference the above paragraphs as though fully set forth herein.

76. California Business and Professions Code section 17200, et seq., prohibits acts of unfair competition which means and includes "any unlawful, unfair, or fraudulent business act or practice."

77. Within the four (4) years preceding the filing of this action, Defendants have engaged in unlawful, unfair, and/or fraudulent business acts and/or practices by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of the law, including, but not limited to, the California Labor Code, California Wage Orders, and California public policy. Plaintiffs reserve the right to identify additional violations of law as further investigation warrants.

78. Defendants' acts and practices, as detailed above, constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair, and/or fraudulent business act and/or practices within the meaning of California Business and Professions Code section 17200, et seq.

79. By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct, as alleged herein, Defendant has violated California Business and Professions Code section 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice designed to deprive Plaintiffs, the members of the Class, and members of the general public of their legal rights.

80. Such conduct is ongoing and continues to this date.

81. By reason of the foregoing, Plaintiffs and members of the general public have suffered, and continue to suffer, damages, and are therefore entitled to

the relief available under California Business and Professions Code section 17200, et seq., including, but not limited to, restitution, disgorgement, and injunctive relief.

82.   As such, Plaintiffs and the general public, seek a temporary, preliminary, and/or permanent order from this Court prohibiting Defendant CFW from continuing to engage in the unlawful, unfair, and/or fraudulent business acts or practices set forth in this Complaint, in addition to disgorgement and restitution by Defendant CFW to all persons with a vested interest therein who have been adversely affected by the practices at issue.

## PRAYER FOR DAMAGES

WHEREFORE, each Plaintiff prays for judgment against Defendants, and DOES 1 through 100, inclusive, and each of them, jointly and severally, as follows:

### ON THE FIRST CAUSE OF ACTION
### (Failure to Pay Overtime)

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510, 1194(a), and 1198;
2. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate, but in an amount exceeding $250.000;
3. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due until paid in full;
4. For civil penalties pursuant to California Labor Code section 558; and
5. For reasonable attorneys' fees and for costs of suit incurred herein.

### ON THE SECOND CAUSE OF ACTION
### (Minimum Wage)

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194(a) and 1197;
2. For unpaid minimum wages and such general and special damages as may be appropriate, but in an amount exceeding $250,000;

3. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due until paid in full;

4. For liquidated damages in an amount equal to the minimum wages unlawfully withheld pursuant to California Labor Code section 1194.2(a);

5. For civil penalties pursuant to California Labor Code section 1197.1(a)(1–2);

6. For civil penalties pursuant to California Labor Code section 558; and for reasonable attorneys' fees and for costs of suit incurred herein

## ON THE THIRD CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff, and willfully failed to provide accurate, itemized wage statements thereto;

2. For all actual, consequential, and incidental losses and damages according to proof;

3. For statutory penalties pursuant to California Labor Code section 226(e) in an amount up to and including $4,000;

4. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

5. For reasonable attorneys' fees and for costs of suit incurred herein.

## ON THE FOURTH CAUSE OF ACTION

### (Waiting Time Penalties)

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201,202 and 203 and is subject to penalties pursuant to California Labor Code section 203;

2. For an award for penalties pursuant to California Labor Code section

203 to Plaintiff in an amount to be determined at trial, but in an amount exceeding $250,000; and

3. For such other and further relief as the Court may deem fair and appropriate.

## ON THE FIFTH CAUSE OF ACTION
### (Failure to Reimburse Business Expenses)

1. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by failing to indemnify or reimburse employees for business expenses;

2. For an award of unreimbursed expenses to Plaintiff in an amount to be proven at trial, in an amount of excess of $250,000;

3. For reasonable attorneys' fees and for costs of suit incurred herein.

## ON THE SIXTH CAUSE OF ACTION
### (Unauthorized Deductions)

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs;

2. That the Court make an award to Plaintiffs of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3. For all actual, consequential, and incidental losses and damages, according to proof;

4. For premiums pursuant to California Labor Code section 226.7(c);

5. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

6. For reasonable attorneys' fees and for costs of suit incurred herein.

//

## ON THE SEVENTH CAUSE OF ACTION

### (Misclassification of Employment)

1. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to authorize and permit all rest periods (including second rest periods) to Plaintiffs;

2. That the Court make an award to Plaintiffs of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

3. For all actual, consequential, and incidental losses and damages, according to proof;

4. For premiums pursuant to California Labor Code section 226.7(c);

5. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

6. For reasonable attorneys' fees and for costs of suit incurred herein.

## ON THE EIGHTH CAUSE OF ACTION

### (Unlawful Business Practices)

1. For restitution of all profits and gains resulting from Defendants' unfair, unlawful, and/or fraudulent business acts and/or practices to Plaintiff and all persons with a vested interest therein who have been adversely affected by the practices at issue;

2. For an injunction permanently enjoining Defendants from continuing to engage in any further acts of unfair, unlawful, and/or fraudulent business acts and/or practices; and

3. For reasonable attorneys' fees and for costs of suit incurred herein.

//
//
//

**AS TO ALL CAUSES OF ACTION:**

1. For an award of reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law in an amount exceeding $250,000; and

2. For such other and further relief as this Court may deem just, fair, and proper.

DATED: December 21, 2020

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

_____
Gregory P. Wong

Attorneys for Plaintiffs Daniel Negrete, Brandon Saunders, and Gordon Elliot Wallace

**Demand For Jury Trial**

Plaintiffs hereby demand a trial by jury as provided in Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: December 18, 2020

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

_____
Gregory P. Wong

Attorneys for Plaintiffs Daniel Negrete, Brandon Saunders, and Gordon Elliot Wallace